# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| AMANDO STEWART, ) | |
| ) | Case No. 2:17-cv-192 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Clifton L. Corker |
| (f/n/u) CAMPBELL, *Nurse*, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Acting pro se, Plaintiff Amando Stewart, an inmate confined at the Northeast Correctional Complex ("NECX"), filed a complaint alleging civil-rights violations pursuant to 42 U.S.C. § 1983 [Doc. 1] and a supplement to that complaint [Doc. 5]. For the reasons that follow, no process shall issue, and this case will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

### A. Procedural History

On October 12, 2018, Plaintiff filed a civil-rights complaint in the United States District Court for the Middle District of Tennessee raising four claims under § 1983: (1) deliberate indifference to medical needs; (2) harassment; (3) willful neglect; and (4) intentional infliction of emotional distress [Doc. 1]. Plaintiff's application for leave to proceed *in forma pauperis* was granted and the case was transferred to this Court on October 18, 2017 [Doc. 3]. On November 2, 2017, Plaintiff filed a supplement to his complaint [Doc. 5].

B.  **Factual Allegations**

Plaintiff's complaint alleges that, on August 9, 2017, Defendant Nurse Campbell dispensed medication to him and his cellmate at NECX [Doc. 1 p. 5]. Defendant did not ask for identification before handing out the medication, which Plaintiff alleges is a violation of Tennessee Department of Corrections ("TDOC") Policy 113.15 [Doc. 1 p. 11; Doc. 5 p. 1]. Plaintiff took the medication Defendant gave him [Doc. 1 p. 5]. Defendant also gave medication to Plaintiff's cellmate, who realized that Defendant had handed him Plaintiff's medicine [*Id.*]. Defendant then gave Plaintiff his correct medication [*Id.*]. Plaintiff later "got nauseated and dizzy and fell out" [*Id*]. He was taken to the medical unit and had blood drawn [*Id.*] Plaintiff alleges that Defendant was called to the clinic and that she "harassed and humiliated" him by calling him disrespectful names [*Id.*] He alleges that she "was cursing" at him [Doc. 5-1 p.1]. He further alleges that Defendant told him she hoped he would "die off" from the medication [Doc. 1 p. 5; Doc. 5-1 p. 1]. Plaintiff states that he felt "humiliated, embarrassed and scared" [Doc. 5-1 p.1]. He alleges that Defendant's conduct in this regard violated TDOC Policy 305.03 requiring staff to treat offenders equally and in a non-discriminatory manner [*Id.*].

## II.  ANALYSIS

A.  **Screening Standard**

The Prison Litigation Reform Act ("PLRA") directs district courts to screen prisoner complaints for cognizable claims and to dismiss *sua sponte* those that are frivolous, malicious, or fail to state a claim on which relief may be granted, or those that seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening Plaintiff's complaint, the Court recognizes that a pro se pleading filed in a civil rights case is to be held to a less stringent standard than a formal pleading drafted by a lawyer and that it is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, a pro se complaint still must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that the factual content pled in the complaint must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557).

The Sixth Circuit Court of Appeals has held that the facial plausibility standard applicable to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as articulated in *Twombly* and *Iqbal* also "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

**B.     § 1983 Standard**

To state a claim under § 1983, the plaintiff must allege and show that:  (1)  he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S.

527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Black v. Barberton Citizens Hosp.*, 1.34 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## C. Deliberate Indifference

Plaintiff's first claim is that Defendant was deliberately indifferent to his serious medical needs by giving him the wrong medication. It long has been established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "For this reason, 'deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.'" *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (*quoting Estelle*, 429 U.S. at 105).

A prisoner bringing a claim of deliberate indifference must meet two requirements, one objective and one subjective. *Darrah*, 865 at 367-68. The objective factor requires that the deprivation alleged be of a sufficiently serious need. *Id* at 367. To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) supported by medical evidence, such as a physician's diagnosis. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). The subjective component means that the defendant must have a "sufficiently culpable state of mind." *Darrah*, 865 F.3d at 368 (*quoting Farmer*, 511 U.S. at 834). Deliberate indifference requires a mental state amounting to criminal recklessness, and mere negligence therefore is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (*citing Farmer*, 511 U.S. at 834, 839–40).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id.* "However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated." *Bryan v. Washington Cty. Sheriff's Dep't*, No. 2:10-cv-169, 2012 WL 523653, at * 2 (E.D. Tenn. Feb. 15, 2012) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)); *see, e.g.*, *Jones v. Martin*, 9 Fed. App'x 360, 361 (6th Cir. 2001) (holding a prisoner's Eighth Amendment rights were not violated by a lapse in supply of blood pressure medication absent a showing that a prison official intentionally withheld such medicine). Thus, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Here, even affording the complaint a liberal construction, the Court finds that Plaintiff has failed to state any plausible Eighth Amendment claim for relief under § 1983, because he has failed to allege that Defendant was deliberately indifferent to his medical needs. All Plaintiff has alleged is that Defendant, on a single occasion, mistakenly gave him a cellmate's medication. Plaintiff makes no factual allegations tending to show that Defendant did so intentionally or with criminal recklessness, nor that she acted with knowledge that dispensing the wrong medication would subject Plaintiff to a serious risk of harm. Rather, Plaintiff's claim amounts to no more than an assertion of medical negligence. *Estelle* establishes that this type of an allegation fails to state a claim which entitles a prisoner to relief under § 1983. *See Estelle,* 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *see also*

*Johnson v. Doe*, 234 F.3d 1273, 2000 WL 1529788, at *2 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication"). At most, Plaintiff alleges that Defendant carelessly or negligently provided him with the wrong medication on one occasion. This allegation is insufficient to state a plausible Eighth Amendment claim for deliberate indifference under § 1983, and this claim will be **DISMISSED**.

    **D.**    **Harassment**

Plaintiff alleges that Defendant harassed and humiliated him by cursing at him, by calling him disrespectful and derogatory names, and by telling him that she hoped he dies [Doc. 1 p. 5; Doc 5-1 p. 1]. These allegations are insufficient to state a claim upon which relief may be granted under § 1983. Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* Thus, Plaintiff's allegations that Defendant harassed and humiliated him, although reflective of boorish and unprofessional conduct, do not rise to a deprivation of constitutional dimensions. *See Ivey*, 832 F.2d at 954-55. Accordingly, Plaintiff's complaint fails to state an Eighth Amendment claim arising from Defendant's alleged harassment, and this claim will be **DISMISSED.**

    **E.**    **Tort Claims**

Plaintiff also raises claims for negligence and intentional infliction of emotional distress arising from Defendant's conduct in dispensing the wrong medication and verbally harassing him. These are claims that sound in state tort law. However, claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States."

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Accordingly, § 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). As a result, Plaintiff's claims for negligence and intentional infliction of emotional distress fail to state claims cognizable under § 1983 and will be **DISMISSED**.

Finally, to the extent Plaintiff seeks to hold Defendant liable under § 1983 for her alleged failure to comply with TDOC policies requiring her to ask for identification prior to dispensing medication and requiring her to treat him in a non-discriminatory manner, those allegations likewise do not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Again, Section 1983 remedies violations of federal law, not state standards. *Lugar*, 457 U.S. at 924.

## III. CONCLUSION

Based on the foregoing, Plaintiff's complaint will be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state any claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915(a)(3) the Court will **CERTIFY** that, for the reasons expressed herein, an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**